# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMEKO MALONE,<br><br>    Petitioner,<br><br>  v.<br><br>GARY SANDOR, Warden,<br><br>    Respondent. | Civil No. 10cv1747-DMS (WMc)<br><br>**SUMMARY DISMISSAL OF SECOND OR SUCCESSIVE PETITION PURSUANT TO 28 U.S.C. § 2244(b)(3)(A) GATEKEEPER PROVISION** |

  Petitioner Tomeko Malone, a state prisoner proceeding pro se, has submitted a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his 2003 San Diego Superior Court conviction in San Diego Superior Court Case No. SCD171069 and associated sentence of 11 years in prison, together with a request to proceed in forma pauperis. The Court does not rule on Petitioner's application to proceed in forma pauperis because this case is summarily dismissed pursuant to 28 U.S.C. § 2244(b)(3)(A) as indicated below.

## **PRIOR FEDERAL HABEAS PETITIONS DENIED ON THE MERITS**

  The instant Petition is not the first Petition for a Writ of Habeas Corpus Petitioner has submitted to this Court challenging his 2003 conviction and sentence of 11 years in prison in San Diego Superior Court Case No. SCD171069.

  On July 31, 2006, Petitioner filed in this Court a First Amended Petition for a Writ of Habeas Corpus in case No. 06cv169-DMS (RBB). In that federal habeas petition, Malone challenged the same conviction he challenges here, his 2003 conviction in San Diego Superior

Court case No. SCD171069 and resultant sentence of 11 years in prison. (See First Amended Petition filed July 31, 2006 at p. 1-2 [Doc. No. 19] in SO. DIST. CA. CIVIL CASE NO. 06cv169-DMS (RBB).) On August 12, 2008, this Court denied the petition on the merits of the claims presented. (See Order filed Aug. 12, 2008 [Doc. No. 45] in SO. DIST. CA. CIVIL CASE NO. 06cv169-DMS (RBB).) This Court subsequently denied a Certificate of Appealability. (See Order filed Sept. 11, 2008 [Doc. No. 49] in SO. DIST. CA. CIVIL CASE NO. 06cv169-DMS (RBB).) Petitioner's appeal was dismissed by the Ninth Circuit Court of Appeals after that court also denied a Certificate of Appealability. (See Order filed July 30, 2009 [Doc. No. 52] in SO. DIST. CA. CIVIL CASE NO. 06cv169-DMS (RBB).)

## INSTANT PETITION BARRED BY GATEKEEPER PROVISION

Petitioner is now seeking to challenge the same conviction and sentence he challenged in his prior federal habeas petition. Unless a petitioner shows he or she has obtained an order from the appropriate court of appeals authorizing the district court to consider a second or successive petition, the petition may not be filed in the district court. See 28 U.S.C. § 2244(b)(3)(A). Here, there is no indication the Ninth Circuit Court of Appeals has granted Petitioner leave to file a second or successive petition.

The instant Petition is successive even though Petitioner now raises claims regarding imposition of his sentence, whereas his prior petition raised claims focusing on his conviction, because Petitioner could have raised the claims in his prior federal petition. See Hill v. Alaska, 297 F.3d 895, 897-98 (9th Cir. 2002) (recognizing that § 2244(b) codified the "abuse of the writ" doctrine which "occurs when a petitioner raises a habeas claim that could have been raised in an earlier petition were it not for inexcusable neglect."), citing McCleskey v. Zant, 499 U.S. 467, 493 (1991).

## CONCLUSION

Because there is no indication Petitioner has obtained permission from the Ninth Circuit Court of Appeals to file a second or successive petition, this Court cannot consider his Petition. Accordingly, the Court **DISMISSES** this action without prejudice to Petitioner's filing a petition in this court if he obtains the necessary order from the Ninth Circuit Court of Appeals. The

1  Clerk of Court shall send Petitioner a blank Ninth Circuit Application for Leave to File Second
2  or Successive Petition along with a copy of this Order.
3      **IT IS SO ORDERED.**
4
5  **DATED: August 26, 2010**
6
7                                      **HON. DANA M. SABRAW**
                                    **United States District Judge**
8
9
10  CC:       ALL PARTIES
11